IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| John Doe,<br>   *Plaintiff-Appellee,*<br><br>vs.<br><br>Roe 1, et al.,<br>   *Defendant-Appellant,*<br><br>and<br><br>Google LLC; et al.,<br>   *Defendants*. | No. 22-15757<br><br>Motion of Eugene Volokh to Intervene and Reconsider Order of Sept. 1, 2022 |

**Motion to Intervene and Reconsider Order of Sept. 1, 2022**

Eugene Volokh seeks to intervene in this case, solely in order to ask this Court to reconsider the Order of Sept. 1, 2022, which provides that Appellant's Opening Brief should be "maintain[ed] under provisional seal" until the sealing questions are resolved by "the panel assigned to decide the merits of this appeal." Volokh would like to exercise his right to promptly access a redacted version of the Opening Brief, even if Doe's name and identifying information need to be deleted from the brief for now.

Defendant-Appellant supports the motion; Plaintiff-Appellee opposes it.

1

## I. Volokh is entitled to intervene for the purpose of getting access to court records

Eugene Volokh is the Gary T. Schwartz Professor of Law at UCLA School of Law, where he writes often about First Amendment law. He has written about this case at Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1375-76 (2022), http://www.law.ucla.edu/volokh/pseudonym.pdf, and at Eugene Volokh, *Media Outlets Forbidden from Identifying Recently Released Drug Cartel Ex-Boss as Plaintiff in Privacy Lawsuit*, Volokh Conspiracy (Oct. 12, 2021, 2:59 pm), https://reason.com/volokh/2021/10/12/media-outlets-forbidden-from-identifying-recently-released-drug-cartel-ex-boss-as-plaintiff-in-privacy-lawsuit/. He would like to write further about the appellate briefing in the case, but cannot do so because the opening brief is sealed until the case comes before the merits panel, which will likely be many months from now. He is asserting, however, the same rights of access that all members of the public have, whether or not they have already written about the case.

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). This extends to intervening on appeal as well. *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019). Generally, "[a] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the

applicant's claim or defense, and the main action, have a question of law or a question of fact in common," *San Jose Mercury News*, 187 F.3d at 1100 (cleaned up). But in cases involving requests to access court records, the "independent jurisdictional basis and strong nexus of fact or law are not required where intervenor merely seeks to challenge a protective order" (such as a sealing order). *Id.* (citing *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473-74 (9th Cir.1992)). And this request is timely, because it is filed within two weeks of the order stating that the Appellant's Opening Brief shall remain sealed until the merits panel considers the matter.

## II. Appellate briefs may not be fully sealed, even temporarily, without a showing that redaction would not be possible

"[T]he public's First Amendment and common law rights of access" extend to "appellate filings" as well as trial court filings, because "the public should be given an opportunity to engage in and follow the dialogue" within those filings. *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1097 (9th Cir. 2014). Circuit Rule 27-13(a), which recognizes that "This Court has a strong presumption in favor of public access to documents," reflects this principle. And "the public interest in obtaining news is an interest in obtaining *contemporaneous* news," *Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) (emphasis added), not long-delayed news. Indeed, even a delay of from a few days to "up to two weeks" in making filed documents accessible may violate the right of access. *Id.* at 597-98.

3

This right of contemporaneous access can be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Phoenix Newspapers, Inc. v. District Court*, 156 F.3d 940, 946 (9th Cir. 1998) (cleaned up). In particular, even when some information in a document must be kept confidential, it should generally just be redacted, rather than having the whole document sealed. See 9th Cir. R. 27-13(e) (requiring that a motion to seal "shall request the least restrictive scope of sealing and be limited in scope to only the specific documents or portion of documents that merit sealing, for example, propose redaction of a single paragraph or limit the request to a portion of a contract"). "When redaction is required to protect privacy interests, it must be narrowly tailored to allow as much disclosure as is feasible." *Certain Interested Individuals v. Pulitzer Pub. Co.*, 895 F.2d 460, 467 (8th Cir. 1990) (quoting *Matter of Search Warrants Issued on June 11, 1988, for the Premises of Three Buildings at Unisys, Inc.*, 710 F. Supp. 701, 705 (D. Minn. 1989)).

Volokh does not object to having Doe's name and identifying information being kept confidential while the appeal is pending, so as to preserve the merits panel's ability to decide the substantive issues in this appeal. But, as Rule 27-13(e) suggests, "Where redaction of a document is feasible, the moving party shall highlight in the unredacted document all portions of the document that party is seeking to file under seal," and the redacted version should then be publicly released.

To be sure, Volokh appreciates that it is often most convenient to defer various motions to the merits panel. But that cannot authorize provisional sealing of briefs for many months, given the public's common-law and First Amendment rights of access to court filings. The "substantial interest in the orderly administration" of the judicial process, *Courthouse News Serv.*, 947 F.3d at 596, may sometimes authorize brief sealing while a decision is being made—but not sealing that causes unnecessary "lengthy delays" between the time a document is filed and the time it is made publicly available, *id.* at 597.

Instead, either the Appellate Commissioner or a motions panel can make express "findings" whether "closure is essential to preserve higher values and is narrowly tailored to serve that interest," *Phoenix Newspapers,* 156 F.3d at 946 (9th Cir. 1998)—and in particular can decide whether redaction rather than outright sealing is a feasible way of preserving the merits panel's role in deciding the ultimate issues while still protecting the public right of access. Simply deferring the decision to the merits panel, without such "findings" that "closure is essential," would likely "cause[] far greater delays than [are] necessary to adequately protect [this Court's] administrative interests given the reasonable alternatives available." *Courthouse News Serv.*, 947 F.3d at 597.

5

## Conclusion

Volokh therefore asks that he be allowed to intervene, and that this Court reconsider (under 9th Cir. R. 27-10(b)) the September 1 decision that provisionally sealed the briefs until the merits panel is assigned.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
*Pro se* Intervenor
(Institutional affiliation given only for
identification and contact information)

## Certificate of Compliance

This document complies with Fed. R. App. P. 27(d)(2)(A), because it contains 1,113 words.

September 15, 2022

s/ Eugene Volokh
Eugene Volokh

6